MELINDA HAAG (SBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

U.S. Attorney's Office/Civil Division
150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

STERNS & WALKER
GERALD C. STERNS (CSBN 29976)
825 Washington Street, 3rd Floor
Oakland, California 94607
Telephone: 510-267-0500
Facsimile: 510-267-0506
E-mail: sterns@trial-law.com

Attorneys for Plaintiff Louis J. Rizzo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Louis J. Rizzo,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. C 10-854 SC<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO CONTINUE DATES FOR CLOSE OF FACT DISCOVERY, PRE-TRIAL CONFERENCE AND BENCH TRIAL** |

IT IS HEREBY STIPULATED by and between the undersigned, subject to the approval of the Court, that the Court continue the date for the close of fact discovery, the pre-trial conference and the bench trial because more time is required for the development of the record in this case.

The Court set the trial date and all other dates in this case following a Case Management

Conference held on September 17, 2010. The Court scheduled a bench trial for February 7, 2011 at 9:30 a.m., a pre-trial conference for January 21, 2011 at 10:00 a.m., a motion hearing date of December 17, 2010 at 10:00 a..m., and the date by which all fact discovery and all depositions taken as December 7, 2011. The Court recently extended the discovery deadline to December 22, 2011 for four physicians that Defendant seeks to depose, and the Court handwrote in the order approving the stipulation that "all other dates remain in place." The Court also issued a Court Trial Preparation Order on December 6, 2010.

The parties request a continuance of the date for the close of fact discovery, the pre-trial conference and the bench trial. Counsel for both parties have diligently pursued preparation and discovery in this case in pursuit of the schedule set out above, including the locating, vetting and obtaining of copies of multiple and voluminous medical and other records pertaining to Plaintiff Louis Rizzo, some going back to the period of World War II, and many of which have only been available after obtaining consents for the release of records and the subpoena of records from non-VA medical providers. Additionally, it has been very challenging to locate and try to make arrangements for discovery of VA medical witnesses who were involved in the care of Plaintiff Rizzo back in 2003 and 2004. Many of these personnel were serving in intern and residency positions and have moved on. At the very time the parties submitted the stipulation about the four physician witnesses, the Parties were engaged most of last week in ongoing depositions of the Plaintiff and his two adult children who have functioned not only as caretakers for Plaintiff (the reasons for, extent, and necessity of that care being an issue of some dispute between the parties), but Mr. Rizzo's adult children also proved knowledgeable about many areas of the case which have to be explored extensively by the Defendant United States. The deposition of the Plaintiff was not able to be completed last week despite the good faith efforts of the parties and Mr. Rizzo, and it is very clear from the progress of those depositions and the issues raised both in the depositions and in discussions among counsel, that the scope of discovery and preparation in this matter is broader and more time consuming than Counsel on either side anticipated, and that more time will be necessary in order to prepare this case properly.

Both sides have acted in complete good faith, including participating in voluntary earlier

mediation in an attempt to resolve this without further litigation. The Parties will continue to do so, but to complete the necessary discovery and trial preparation means that the parties need some additional time.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Accordingly, the Parties jointly request the Trial Preparation schedule in this case be modified by the Court as follows: The parties request that trial be continued for approximately 60 days, and that the pre-trial conference and discovery dates be continued for the same amount of time. If the Court is unable to give the parties the time they feel they need to prepare their cases, the parties request that the Court continue the dates so that the date for trial be continued by a number of weeks to a date later in February 2011 or early March 2011, that the pre-trial conference be continued to an appropriate date based on the trial date, and that the parties have until January 31, 2011 to complete all fact discovery (including the four physicians as to which the Court previously approved a stipulation).

Dated: December 7, 2010

Respectfully submitted,
MELINDA HAAG
United States Attorney

By: /s/
MICHAEL T. PYLE
Assistant United States Attorney
Attorney for Defendant

STERNS & WALKER

By: /s/
GERALD C. STERNS
Attorney for Plaintiff

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

The schedule for this case is modified such that a bench trial is now scheduled to commence on February 22, 2011 at 9:30 a.m. instead of February 7, 2011 at 9:30 a.m. The pre-trial conference will be held on February 18, 2011 at 10:00 a.m. instead of January 21, 2011 at 10:00 a.m. The date by which all fact discovery and all depositions taken shall be January 31, 2011 instead of December 7, 2011 (or December 22, 2011 for the four physicians as to which the Court previously approved a stipulation).

DATED: 12/7/10

HON. SAMUEL CONTI
United States District Judge

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Samuel Conti
NORTHERN DISTRICT OF CALIFORNIA